IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Karen Lynn Browning, ) | |
| ) | C.A. No. 8:09-cv-01793-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Michael J. Astrue, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court upon Plaintiff's Petition for Fees Under the Equal Access to Justice Act ("EAJA") [Doc. 32], 28 U.S.C. § 2412(d). The Commissioner opposes the petition on the ground that his position in this case was substantially justified.

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). The government has the burden of demonstrating substantial justification in both fact and law. *Id.* "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." *Smith v. Heckler*, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). The standard requires more from the government than a showing of lack of frivolity. *See Pierce v. Underwood*, 487 U.S. 552 (1988). However, the government's position may be justified even though it is incorrect and may be substantially justified if a reasonable person could believe the government's position was appropriate. *Id.* at 566 n. 2.

1

In this case, Plaintiff alleged disability at the age of 44 as a result of tremor in her head and hands, foot problems, and a back injury. The Administrative Law Judge ("ALJ") of the Social Security Administration determined that Plaintiff was not disabled within the meaning of the Social Security Act and thus not entitled to benefits. Plaintiff argued that the ALJ failed to properly evaluate medical source opinions and failed to assess Plaintiff's residual functional capacity ("RFC"). The Commissioner argued that the ALJ adequately summarized the evidence, discussed all of the medical source opinions in his decision, and gave a number of legitimate reasons for discounting them. Although there was no dispute that Plaintiff had significant mental limitations that affected her ability to work, the Commissioner argued that the case turned on the degree of Plaintiff's limitations. The court remanded the case for further proceedings under sentence four of 42 U.S.C. § 405(g) because the ALJ did not perform a proper assessment to determine the weight to be accorded to various medical opinions and did not adequately explain his conclusions regarding Plaintiff's non-compliance with her treatment regimen. The court instructed the ALJ to provide the narrative discussion and make the findings required by SSR 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996).

Having considered the record, the court finds that the Commissioner's position, although unsuccessful, was substantially justified because reasonable minds could differ as to the appropriate outcome in this action. *See Creech v. Barnhart*, 213 Fed. Appx. 194 (4th Cir. 2007) (unpublished) (affirming district court's conclusion that government was substantially justified in its position in the underlying litigation, where reversal and remand was based upon the inadequacy of the findings of the administrative law judge rather than upon any finding that the claimant was entitled to benefits).

For the foregoing reasons, Plaintiff's Petition for Fees Under the Equal Access to Justice Act [Doc. 32] is **DENIED**.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

Greenville, South Carolina
June 21, 2011